UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL GODWIN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| PRIME OCEAN GROUP,  VALARIS | * | SECTION      MAG. |
| PLC, AND OFFSHORE DRILLING | * | JUDGE |
| SERVICES, LLC | * | MAGISTRATE |

## **COMPLAINT FOR DAMAGES**

The complaint of Michael Godwin, an individual of the full age of majority, represents:

1.

Jurisdiction exists in this Court pursuant to 28 U.S.C. Sec. 1333; suit is brought pursuant to the Jones Act, 46 U.S.C. Section 30104 et seq. and the General Maritime Law.  In the alternative, Plaintiff's brings this action under Section 905(b) of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 et. seq. for vessel negligence.

2.

Venue and jurisdiction are proper in this court as the occurrence giving rise to this action occurred in the Gulf of Mexico, on the Outer Continental Shelf near Fourchon, Louisiana, and this district is nearest district adjacent to where the where the incident occurred.

1

3.

Made defendant herein is Prime Ocean Group, which was, at all times pertinent hereto, a foreign business entity not authorized to do but conducting business in the State of Louisiana and this district, and on the navigable waters of the United States adjacent to this district, and which is or was at all times relevant to this action Michael Godwin's employer.

4.

Made defendant herein is Valaris, PLC, which was, at all times pertinent hereto, a foreign business entity not authorized to do but conducting business in the State of Louisiana and this district and on the navigable waters of the United States adjacent to this district.

5.

Made defendant herein is Offshore Drilling Services, LLC, which was, at all times pertinent hereto, a foreign business entity not authorized to do but conducting business in the State of Louisiana and this district and on the navigable waters of the United States adjacent to this district.

6.

At all times pertinent hereto, Defendants, Valaris, PLC and/or Offshore Drilling Services, LLC were the owner, manager, operator and/or charterer of the VALARIS DPS-5, semi-submersible drilling rig upon which Plaintiff, Michael Godwin was a crewmember and part of this vessel's drilling crew.

7.

Defendants are justly and truly indebted to Michael Godwin for all damages that are reasonable in the premises, together with legal interest from date of occurrence until paid and for all costs of these proceedings by reason of the following:

8.

On or about December 22, 2021, Michael Godwin was employed by Price Ocean Group as a drill crew roughneck and was working in the course and scope of his employment when he was injured due to the fault of the defendants and the crew of the VALARIS DPS-5 and the unseaworthiness of that vessel, and also due to the fault and negligence of another but now unknown vessel, when he was on board the unknown vessel and was ordered by his superiors on the DPS-5 to offload various drill pipe and collars from the rig to the unknown vessel, and his right foot was crushed by the drill collars while they were being lowered from the rig to the unknown vessel.

9.

As a result of the incident, Michael Godwin sustained injuries to right foot and as a result he is in need of medical treatment, medical devises and may need treatment in the future.

10.

Michael Godwin alleges that a legal and proximate cause of the aforementioned accident and injury was the negligence of the defendants and its employees for their failure to provide the necessary manpower, equipment and a reasonably safe method, manner and plan, and further that the defendants failed to adequately train him and its

employees, and provided a crew and vessel that was not reasonable fit to perform intended tasks.

11.

Because of said injuries, Michael Godwin suffered severe and disabling injuries and has endured pain and suffering and mental anguish and will continue to so suffer, he will no longer be able to engage in his chosen occupation and has sustained and will continue to sustain a substantial loss of income and other employment related monies and benefits.

12.

Plaintiff is entitled to receive maintenance and cure from defendant, Prime Ocean Group or from the owners of the DPS-5 until he reaches maximum medical improvement or in the event he is placed at maximum medical improvement he may thereafter become entitled to receive maintenance and cure if his condition worsens or additional medical treatment is available and recommended to better his condition.

13.

Further, Plaintiff has incurred medical expenses and has received advice from his treating physicians for recommended treatment which defendant, Prime Ocean Group has failed to pay and approve and which it has in fact ignored; Plaintiff has made amicable demand of Defendant, Prime Ocean Group for maintenance and cure due, but Defendant has refused to honor its obligations; as a result, Plaintiff makes demand for the past and future maintenance and cure, for punitive damages and for attorney fees for Defendant's arbitrary and capricious refusal to pay maintenance and cure after demand.

14.

The actions and failures to act on the part of defendant, Prime Ocean Group constitute such an unreasonable, gross, callous, reckless, willful and wanton disregard of the Plaintiff's rights under the General Maritime Law of the United States of America, that Plaintiff is entitled to and prays for an award of punitive damages in such an amount which is reasonable in the premises for defendant's failure to pay maintenance and cure.

15.

In the alternative, if Michael Godwin is not a seaman, he brings claims against defendants, Valaris, PLC and Offshore Drilling Services, LLC for vessel negligence under section 905(b) of the Longshore and Harbor Workers' Compensation Act.

16.

Plaintiff hereby requests and is entitled to a trial by jury on his claims under the Jones Act, and for the joined and related claims of unseaworthiness and for maintenance and cure.

**WHEREFORE**, Michael Godwin prays that process in due form of law and according to the Federal Rules of Civil Procedure issue against Defendants, directing them to appear and answer, all and singular, the matters aforesaid and that after due proceedings have been had, there be judgment in favor of Michael Godwin and against Defendants for all damages that are reasonable in the premises, together with legal interest from date of occurrence until paid and for all cots of these proceedings.

**WHEREFORE,** Michael Godwin further prays for all general and equitable relief which the justice of the cause may require and to which he may otherwise be entitled and that all experts' fees be taxed as costs.

**WHEREFORE,** Michael Godwin further prays for a trial by jury on all issues.

Respectfully submitted:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (504) 324-0738
EMAIL: sjohnson@morrisbart.com

BY:   /s/ *Stephen J. Johnson*
_____
STEPHEN J. JOHNSON, Bar #22439